**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRANDON CHE LEE, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| USP ATLANTA'S WARDEN, and | : | CIVIL ACTION NO. |
| all staff who involved in this | : | 1:17-CV-2358-ODE-JFK |
| complaint, | : | |
|     Defendant. | : | |

| | | |
|---|---|---|
| BRANDON CHE LEE, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| USP ATLANTA'S WARDEN, | : | CIVIL ACTION NO. |
|     Defendant. | : | 1:17-CV-2473-ODE-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Brandon Che Lee, Federal Bureau of Prisons identification number 45296-112, confined in the United States Penitentiary in Atlanta, Georgia, has submitted without payment of any filing fee two civil actions, (Compl. 2358, ECF No. 1 in 1:17-cv-2358; Compl. 2473, ECF No. 1 in 1:17-cv-2473), in which he complains about matters related to his confinement. The Clerk of Court is **DIRECTED** to adjust

the docket in each case to show that each action is a civil rights action under 28 U.S.C. § 1331 as Plaintiff is a federal prisoner.

Plaintiff currently is serving a 240-month term of imprisonment based on his convictions for mail fraud and identification-document crimes. United States v. Lee, No. 8:07-cr-0207-AG-1 (C.D. Cal. June 3, 2010). Plaintiff is a prolific filer who generally complains about matters such as electronic shocks while his blood pressure is being taken, difficulty contacting family members and the effect that his conviction has had on his relationship with his family members, the provision of poisonous food items from various sources and at numerous times, and fellow prisoners fumbling their penises in numerous locations and at virtually all times of the day. See generally Final R. & R., Lee v. Warden, No. 1:16-cv-4401-ODE (N.D. Ga. Feb. 7, 2017); Final R. & R., Lee v. Warden, No. 1:16-cv-4009-ODE (N.D. Ga. Dec. 30, 2016); Final R. & R., Lee v. Jeong, No. 1:16-cv-3935-ODE (N.D. Ga. Dec. 19, 2016); Final R. & R., Lee v. Unnamed Defendant, No. 1:16-cv-3279-ODE (N.D. Ga. Nov. 15, 2016).

Plaintiff's current allegations are similar to the allegations that he has made in his numerous prior actions. (See Compl. 2358, Compl. 2473). Plaintiff also states that BOP staff have rubbed his body, allegedly to sexually harass Plaintiff, (Compl. 2358 at 2, 5; Compl. 2473 at 5); that a staff member told him to place his shirt inside his

2

pants, allegedly to sexually harass Plaintiff, (Compl. 2358 at 2); that a staff member "threatened me and fumbling [sic] his penis in front of me[,]" (id.); and that a staff member rubbed his entire body at the kitchen door and told Plaintiff "'don't do that' because [Plaintiff] had a few [sic] milk[,]" (id. at 5).

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  See Order, Lee v. Feather, No. 3:16-cv-1536-HZ (D. Or. Sep. 22, 2016) (listing three district court dismissals); see also Lee v. Maye, Appeal No. 14-3214 (10th Cir. Jan. 7, 2015) (dismissing appeal as frivolous).  The Court finds that Plaintiff's pleadings are on the

3

whole frivolous and that his allegations of sexual harassment do not show that he is in imminent danger of serious physical injury. See Husband v. Aleman-Acevedo, No. 3:16-CV-498, 2017 WL 157782, at *2 (M.D. Pa. Jan. 13, 2017) (finding that prisoner's allegations – that in the months prior to his filing his complaint an officer had "groped his genitals and buttocks during pat-down searches, yanked his hand restraints, stared at his genitals, and made a sexual remark while he was in the shower" – failed to show that prisoner was in imminent danger of serious physical injury); Gresham v. Jenkins, No. 2:15-CV-11640, 2015 WL 3403942, at *3-4 (E.D. Mich. May 26, 2015) (finding that sexual abuse allegations – by prisoner who had a history of filing numerous delusional claims – were unsupported and failed to show that the prisoner was in imminent danger); Bozeman v. Miles, No. 2:07-CV-182-MHT, 2007 WL 1034953, at *1 (M.D. Ala. Mar. 30, 2007) (finding that allegations of sexual harassment did not show that the prisoner was under imminent danger of serious physical injury); cf. Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (finding that, although prisoner stated a claim based on his privacy rights, "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimis* injury" and that such allegation does not state a claim under the Eighth Amendment).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that action numbers 1:17-cv-2358 and 1:17-cv-2473 be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to withdraw the references to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 27th day of February, 2018.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE